# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) ) ) |
| vs. | ) No. 14 C 1783 |
| FELIPE DE JESUS MAGANA-CAMPOS, | ) ) ) |
| Movant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Felipe De Jesus Magana-Campos pled guilty, without a written plea agreement, to a charge of conspiracy to possess more than 1,000 kilograms of marijuana with intent to distribute in violation of 21 U.S.C. § 846. During the plea hearing, he admitted his involvement in a scheme in which approximately 20,000 pounds of marijuana was hidden inside train cars and transported from Mexico to the Chicago area. The Court sentenced him to a prison term of 168 months, plus 5 years of supervised release. Magana-Campos did not appeal his conviction or sentence.

Magana-Campos has now filed a *pro se* motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. He contends that his plea was not knowing and voluntary; his Fifth Amendment rights were violated when he was interrogated after he requested counsel; his confession was coerced; the Court erred in calculating his sentence; his counsel rendered ineffective assistance by failing to assert entrapment as a defense and as a mitigating factor; the Court erred in altering the judgment; and his

counsel rendered ineffective assistance by failing to consider mitigating and exculpatory evidence. Magana-Campos also seeks an evidentiary hearing. The Court denies the motion and the request for a hearing for the reasons described below.

**Discussion**

When reviewing a motion under 28 U.S.C. § 2255, the Court must hold an evidentiary hearing if the movant alleges facts that, if proven to be true, would entitle him to relief. 28 U.S.C. § 2255(b); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009). A hearing is not required, however, "if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

A defendant generally may not raise in a section 2255 motion a claim that was available on direct appeal but that he did not assert. *Bousley v. United States*, 523 U.S. 614, 621–22 (1998). This rule does not apply to ineffective assistance of counsel claims, which "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Because he did not file a direct appeal, Magana-Campos has procedurally defaulted all of his claims, with the exception of his ineffective assistance claim. He cannot pursue those defaulted claims unless he demonstrates cause and prejudice. *Bousley*, 523 U.S. at 622. Ineffective assistance of counsel can constitute cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir. 1994).

Accordingly, the Court will assess each claim to determine whether ineffective

assistance will excuse procedural default and whether Magana-Campos is entitled to a hearing on his independent ineffective assistance claim. If the record shows that a particular underlying claim lacks merit, then counsel was not ineffective with respect to that claim. *See Johnson v. Thurmer*, 624 F.3d 786, 793 (7th Cir. 2010); *Fuller v. United States*, 398 F.3d 644, 650–52 (7th Cir. 2005). If a particular underlying claim is meritorious, then his attorney would have been ineffective with respect to that claim if "(1) his counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial." *United States v. Hall*, 212 F.3d 1016, 1021 (7th Cir. 2000) (citing *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984)). The record conclusively shows that Magana-Campos's claims lack merit and that none of the three attorneys who represented him during the criminal proceedings provided ineffective assistance.

**A.     Voluntariness of guilty plea**

Magana-Campos first argues that his plea was not knowing and voluntary as required under the Constitution. *Brady v. United States*, 397 U.S. 742, 748 (1970). He contends that he was not aware that he faced a ten-year minimum sentence under 21 U.S.C. § 841(b)(1)(A), in part because he speaks very little English. The record contradicts this claim. During the plea hearing, at which a Spanish-language interpreter was present and translating what was said, the Court stated:

> For this crime, there is also something called a mandatory minimum sentence, and the mandatory minimum sentence is 10 years in prison. What that means is that I cannot give you a sentence of less than 10 years in prison unless there is an exception. . . . So if neither one of those exceptions applies, I can't give you a sentence of less than 10 years in prison.

Aug. 15, 2012 Tr. at 17–18. Magana-Campos affirmed that he understood that a

mandatory minimum might apply and that there was no guarantee that he would qualify for an exception. *Id.* at 18–19. Barring a "compelling explanation" for the later contradiction, a judge is entitled to rely on a defendant's statement made under oath during a plea hearing. *Thompson v. United States*, 732 F.3d 826, 829 (7th Cir. 2013) (internal quotation marks omitted) ("[A] [§ 2255] motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."); *see also United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999).

Magana-Campos also claims that his attorney coerced him into pleading guilty by threatening his family. However, Magana-Campos stated under oath that he was not coerced or threatened and that he was pleading guilty of his own free will. Aug. 15, 2012 Tr. at 14. Again, the Court may rely on the proposition that the representations made under penalty of perjury were truthful. Although "[a] believable claim that the plea had been coerced, and thus was involuntary, would demonstrate a good reason for deceit," Magana-Campos's vague and unsupported allegations of coercion by his attorney are not credible. *Stewart*, 198 F.3d at 987; *Aleman v. United States*, 878 F.2d 1009, 1012–14 (7th Cir. 1989) (noting that a court need not grant a hearing if the petitioner's claims are "conclusory, speculative, and palpably incredible").

Magana-Campos's claim that members of a Mexican drug cartel urged him to plea "as a sort of scapegoat" also lacks merit. Mem. in Supp. of § 2255 Mot. at 9. He provides no details about the alleged urgings, other than that he received a threatening postcard while he was in jail and a "blonde Mexican came and took me to the library and told me that I'd 'better keep quiet, 'cause they had people everywhere.'" Magana-

4

Campos Aff. (Representation) ¶ 13.  These allegations are directly contradicted by Magana-Campos's statement during the plea colloquy that he was not threatened.

Even if Magana-Campos's allegations that his plea was coerced by his attorney were true, he cannot show prejudice.  A defendant who challenges his plea based on ineffective assistance must allege that he would have gone to trial but for the ineffective assistance in order to be entitled to a hearing.  *Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985).  Magana-Campos does not deny his involvement in the crime, nor does he say that he would have gone to trial but for counsel's claimed coercion.

Additionally, Magana-Campos's suggestion that his attorney should have advocated for a better deal from the government, because he had information about the criminal scheme that he could have provided, is not a basis to vacate his conviction. "[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel," including "the cooperation of the prosecutor, who has no obligation to offer such an agreement."  *Hall*, 212 F.3d at 1022.  "[I]t is axiomatic that the government is not bound to discuss, much less enter into, a plea agreement."  *Id.*  For this reason, and absent any evidence suggesting that the government would have offered Magana-Campos a plea deal or an opportunity to cooperate, Magana-Campos's attorney did not provide ineffective assistance by failing to request a plea agreement with the government.

In sum, Magana-Campos's challenge to his guilty plea is procedurally defaulted because he did not raise it on appeal.  In addition, his counsel was not ineffective with respect to the plea, and the plea is unassailable on the grounds Magana-Campos cites. Thus the procedural default cannot be excused.

**B.    Fifth Amendment violation**

Magana-Campos claims that his Fifth Amendment rights were violated when government agents continued to interrogate him after he requested counsel. Although it appears that agents did improperly question him after he requested an attorney, the government conceded the violation and agreed not to use Magana-Campos's post-arrest statements at trial. Resp. to § 2255 Mot. at 20 n.7. Patrick Blegen, the attorney who represented Magana-Campos when he pled guilty, has confirmed in an affidavit that "the government agreed, in an email to me, that they would not use Mr. Magana's statement as evidence at trial." Blegen Aff. ¶ 9. Magana-Campos does not contest this in his reply. Because the government agreed not to use the statements, a motion to suppress them was unnecessary. Magana-Campos suffered no prejudice from the absence of a motion.

Further, Magana-Campos has not suggested that the government would not have been able to connect him to the criminal enterprise without the post-arrest statements. For that reason, the alleged violation was not prejudicial. *See United States v. Bustamante*, 367 F. App'x 708, 710 (7th Cir. 2010).

**C.    Coerced confession**

Magana-Campos also claims that he was interrogated and coerced into providing information by the son of a member of a drug gang in Mexico. He claims that this same person was in the room with him when he was interrogated by government agents in Chicago. Magana-Campos provides no other information about this person or the alleged threats and coercion. The Court need not grant a hearing if the petitioner's claims are "conclusory, speculative, and palpably incredible." *Aleman*, 878 F.2d at

6

1012–14 ("Mere unsupported allegations cannot sustain a petitioner's request for a hearing."). Magana-Campos's attorney was not ineffective for failing to assert this claim.

**D.    Sentence**

Magana-Campos also contends that the Court incorrectly calculated his sentence because the amount of marijuana that was attributable to him was lower than what was presented to the Court and because he was improperly subject to a sentencing enhancement as a leader of the conspiracy.

Defense counsel did not challenge the government's contention that Magana-Campos was responsible for approximately 8,752 kilograms (roughly 20,000 pounds) of marijuana at sentencing.  Accordingly, the Court found that Magana-Campos was responsible for 1,000 kilograms or more of marijuana, which resulted in the imposition of a mandatory minimum sentence of ten years.  21 U.S.C. § 841(b)(1)(A).  Magana-Campos argues that he did not know how much marijuana was hidden in the train cars.  He contends that his sentence should not have been calculated based on 20,000 pounds of marijuana, because "a criminal defendant convicted of a drug trafficking conspiracy is liable for the reasonably foreseeable quantity of drugs sold by his or her co-conspirators." *United States v. Davis*, 682 F.3d 596, 612 (7th Cir. 2012) (internal quotation marks omitted), *overruled on other grounds by United States v. Taylor*, No. 13-2978, 2015 WL 554452 (7th Cir. Feb. 11, 2015).  But Magana-Campos does not dispute that he participated in the unloading of the train cars when they arrived in Illinois.  As a result, the volume of marijuana they contained plainly was reasonably foreseeable.  His attorney did not provide ineffective assistance when he did not

challenge the amount.

During the sentencing hearing, the Court concluded that Magana-Campos was subject to a four-point Guideline enhancement for his involvement as a leader in the conspiracy. U.S.S.G. § 3B1.1 (2012). Magana-Campos now contends, without explanation, that he should not have been enhanced as a leader. During the sentencing hearing, both sides presented detailed arguments concerning whether Magana-Campos should be subject to a leadership enhancement. The Court weighed both arguments. The Court need not revisit its conclusion "that it's appropriate to have the four-level enhancement for an organizer or leader." March 12, 2013 Tr. at 20. An unsupported and unexplained claim like the one Magana-Campos has made cannot be a basis for relief under section 2255. *See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). Nor can Magana-Campos viably contend that his attorney rendered ineffective assistance in arguing this issue. Thus Magana-Campos cannot show cause to excuse his procedural default regarding the challenge to his sentence.

**E.     Entrapment**

Magana-Campos also argues that his attorney should have raised entrapment as a defense and as a mitigating factor at sentencing. The two elements of entrapment are "government inducement of the crime and a lack of predisposition on the part of the defendant to engage in the crime." *United States v. Al-Shahin*, 474 F.3d 941, 948 (7th Cir. 2007) (internal quotation marks omitted). Magana-Campos has not pointed to evidence that would satisfy either requirement. He claims that persons named Victor and Raul pressured him to commit the offense in Mexico and that Raul was actually a Drug Enforcement Administration agent. Despite Magana-Campos's claims, nothing in

8

the record suggested that any confidential informant or government agent was ever involved in the case. Mr. Blegen states in an affidavit that "[a]t no time did Mr. Magana discuss facts with me that indicated that an entrapment defense was available." Blegen Aff. ¶ 8. In his reply, Magana-Campos refers to a submission in which his attorney cited a Ninth Circuit opinion that discusses the requirements for sentencing entrapment. *See United States v. Biao Huang*, 687 F.3d 1197, 1203–05 (9th Cir. 2012) (holding that the defendant failed to establish sentencing entrapment). The case does not support Magana-Campos's contention that his attorney should have asserted entrapment or, for that matter, sentencing entrapment. Because Magana-Campos has not identified facts that would support an entrapment defense, his attorney did not render ineffective assistance by failing to make that argument. *See United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) ("A defendant's lawyer has, it is certainly true, no duty to make a *frivolous* argument; and there is a tactical reason not to make weak arguments.").

**F.     Correction of the judgment**

Magana-Campos claims that his attorney provided ineffective assistance by requesting the judgment be altered without his approval. He also contends that the Court erred by making the correction, because the correction violated the plea agreement and altered his sentence. Contrary to Magana-Campos's assertions, there was no plea agreement; he entered a blind plea. Magana-Campos is also incorrect when he states that his sentence was altered. Rather, the Court amended the judgment to correct clerical errors. On April 8, 2013, the judgment was amended to include a page listing the term of supervised release, which the Court had pronounced at the sentencing hearing but was missing in the original document. On June 2, 2013, the

9

judgment was again corrected to include a recommendation that the Court had made at the sentencing hearing, namely that Magana-Campos be permitted to participate in residential drug treatment during his incarceration. Both corrections were made to ensure that the judgment conformed to what the Court stated at the sentencing hearing. Thus, Magana-Campos has no viable claim of ineffective assistance for his counsel's actions or inactions in this regard such that his procedural default of the claim may be excused.

**G.     Ineffective assistance of counsel**

Magana-Campos's claim of ineffective assistance of counsel is based on the contention that his counsel did not consider mitigating and exculpatory evidence. This claim is not procedurally defaulted. *Massaro*, 538 U.S. at 504.

Contrary to Magana-Campos's assertions, his attorney did present evidence of mitigation at sentencing. He asked the Court to consider Magana-Campos's health problems, age, and desire to be involved in his son's life. The record therefore contradicts Magana-Campos's assertion that mitigating evidence was not presented.

To support his claim that his attorneys failed to consider exculpatory evidence, Magana-Campos points to two taped telephone conversations that he says "are especially relevant as to their exculpatory effect." Mem. in Supp. of § 2255 Mot. at 22. The conversations, however, do not appear to exculpate him. According to Magana-Campos, "[t]he first phone call is from Carlos, speaking to Carlo's [sic] wife, about 'paying the boys,' 'his boys', being the helpers, and it demonstrates that it was Carlos paying; NOT, as the government asserts, Petitioner." *Id.* Assuming this was said, it would not exculpate Magana-Campos. The fact that Carlos (presumably Carlos

10

Quintero) made payments to individuals involved in the conspiracy does not mean that Magana-Campos was not also involved in making payments. The evidence merely shows that Magana-Campos was not the sole person who made payments. That would be unsurprising given that this was a large and comprehensive conspiracy to bring drugs into the United States, with planning that spanned many months.

The second phone call that Magana-Campos discusses is "about the police, where they assert that Petitioner was present in the warehouse where the drugs were picked-up [sic]; but the phone call demonstrates that Peitioner [sic] was NOT there." *Id.* at 22–23. Magana-Campos does not explain how this phone call would have helped his defense. If anything, a call in which someone asserts that he was present in the warehouse where drugs were found would implicate him. Magana-Campos is not entitled to a hearing or to relief based on these vague, speculative claims. *Aleman*, 878 F.2d at 1012–14.

## Conclusion

In sum, Magana-Campos's section 2255 motion must be denied, because the record conclusively shows that there was no ineffective assistance of counsel that would permit consideration of his procedurally defaulted claims or that would independently establish a basis for relief. The Court therefore denies Magana-Campos's motion and directs the Clerk to enter judgment in favor of the respondent.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 4, 2015